**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 5:11-CR-317-08 |
| | | CIVIL NO.: 5:15-CV-2307 |
| VERSUS | : | JUDGE DONALD E. WALTER |
| RANDY RANDALL (08) | : | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM RULING & ORDER

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #512], filed by defendant Randy L. Randall ("Randall"). For the following reasons, the motion is **DENIED.**[1]

## BACKGROUND

On December 14, 2011, a grand jury in the Western District of Louisiana returned a 34-count indictment charging thirteen defendants, including Randall, with various drug and firearm offenses. [Doc. #1]. Randall was named in four counts. Attorney G. Warren Thornell ("Mr. Thornell") was appointed to represent Randall. [Doc. #125]. On April 11, 2012, with the advice of Mr. Thornell and pursuant to a plea agreement, Randall pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 24), in violation of 18 U.S.C. § 924(c)(1). [Docs.

---

[1] Pursuant to Rule 4(b) of the Rules Governing 2255 Proceedings for the United States District Courts, the Court determines that no answer is necessary. Additionally, because Randall's claims are contrary to law and plainly refuted by the record, no evidentiary hearing is required. *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989).

-1-

##225, 227, 273].

According to the signed factual basis attached to the plea agreement, Randall admitted to the following facts:

> Title III wiretaps of co-defendant Darien Reliford's cell phone w[ere] authorized by this Court, from September, 2011, to November 15, 2011, based on an investigation by the Drug Enforcement Administration (DEA). The wiretaps revealed that Darien Reliford was involved in cocaine trafficking with the co-defendants in this indictment. Darien Reliford also sold the cocaine himself.
>
> Reliford was observed by the DEA to travel to an apartment, number 201, located at 1620 Fullerton St., Shreveport, LA, three times before he made three of his distributions of cocaine. The DEA suspected the apartment to be a stash place for Reliford's cocaine. The investigation has subsequently revealed that that inference was correct. The one-bedroom apartment was listed in the name of this Defendant.
>
> On November 15, 2011, the DEA executed a federal search warrant at that apartment, and the Defendant was apprehended inside. 148.8 net grams of powder cocaine, and 35.2 net grams of crack cocaine were seized in the bedroom closet, as well as a plate with cocaine residue and a razor from under the bed in which the Defendant was sleeping. A loaded shotgun was also seized from the bedroom closet alongside the packaged cocaine. The shotgun is a Remington 870, 12 gauge shotgun.

[Doc. #227-2, pp. 1-2]. Randall further admitted that the above facts were sufficient to support both the conspiracy and the firearm charges, and that the "overall scope" of the drug conspiracy "involved 5 kilograms and more" of cocaine. *Id.* at p. 2.

Pursuant to the plea agreement, Randall affirmed that he "understands and agrees that the maximum punishment on Count 1 is a term of imprisonment of **NOT LESS than 10 years nor more than Life imprisonment, a fine of not more than $10,000,000 or both (pursuant to 21 U.S.C. § 841(b)(1)(A)(ii))[.]**" [Doc. #227, p. 2 (emphasis in original)]. As to Count 24, the plea agreement stated that "the maximum punishment . . . is a term of imprisonment of **not less than 5 years, which shall run consecutively to any term of imprisonment imposed on Count 1.**" *Id.* (emphasis in original).

During the April 11, 2012, change of plea hearing, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Court addressed Randall and engaged in the following exchange:

> THE COURT: Do you understand what's going on?
>
> THE DEFENDANT: Yeah. I'm pleading out to the conspiracy and the gun charge.
>
> . . .
>
> THE COURT: The maximum sentence is, on Count 1, not less than 10 years nor more than life, a fine of $10 million, or both, supervised release of not less than 5 years; and on Count 24, it's not less than 5 years, which will run consecutively to any term of imprisonment in Count 1, supervised release of an additional 2 to 3 years, and a special assessment to the Crime Victim Fund of $200.
> . . .
>
> Is that what you understood, Mr. Randall?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Did you, beginning on or about January of 2011 through November 15 of 2011, here in the Western District of Louisiana, with other persons, knowingly and intentionally conspire and agree together to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectible amount of cocaine?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you, on or about November 15, here in the Western District of Louisiana, during and in relation to a drug trafficking crime -- that is, possession with intent to distribute cocaine -- in furtherance of said drug trafficking crime, possess a firearm -- that is, a Remington 870 12-gauge shotgun?
>
> THE DEFENDANT: Yes. But it don't work.[2]

---

[2] A brief discussion ensued, regarding whether proof of a firearm's operability is required under 18 U.S.C. § 924(c). [Doc. #273, pp. 11–12]. The Court does not reproduce that discussion here, as it is not relevant to the arguments presented in Randall's § 2255 motion.

[Doc. #273, p. 3, ll. 22-24; p. 6, ll. 10-17 and 20-21; and p. 11, ll. 9–22]. The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which was completed on July 18, 2012, and elicited no objections. [*Id*. at p. 13; and Doc. #355].

The PSR stated that "[a]lthough the investigation in this case revealed that the overall drug amounts in this criminal conspiracy involved 5 kilograms or more of cocaine, it was determined the defendant's responsibility and knowledge in this case was limited to 148.8 net grams of powder cocaine, and 35.2 net grams of crack cocaine." *Id.* at 6, ¶23. Based on those drug amounts, Randall's guideline imprisonment range on Count 1 was determined to be 70–87 months.[3] *Id.* at 17, ¶108. However, under 21 U.S.C. § 841(b)(1)(A)(ii), because the overall amount of drugs involved in the conspiracy was 5 kilograms or more, the PSR concluded that Randall was subject to a statutory, mandatory minimum term of imprisonment of 120 months. *Id.* at ¶¶106, 108. The PSR also concluded that the conviction on Count 24 carried a statutory, mandatory minimum term of imprisonment of 60 months, to run consecutively to any term of imprisonment imposed on Count 1. *Id.* ¶¶107, 109; p. 8, ¶42. As a result, Randall was subject to a combined mandatory minimum sentence of 180 months.

On June 19, 2012, while Randall awaited sentencing, Mr. Thornell filed a motion to withdraw as counsel for Randall, citing an irreconcilable conflict of interest, an inability to communicate with Randall, and a resultant loss of all effectiveness of counsel. [Doc. #245, p. 1, ¶3]. Just a few days earlier, Mr. Thornell had been advised, by the Louisiana State Bar Association, Office of the Disciplinary Counsel, that Randall had filed a complaint against him.

---

[3] Under the U.S. Sentencing Commission Guidelines Manual, effective November 1, 2011, the specific drug amounts yielded a base offense level of 26. [Doc. #355, pp. 6–7, ¶¶27–32]. Randall received a three-point reduction for acceptance of responsibility, resulting in a total offense level of 23, and he fell in Criminal History Category IV. *Id.* at 7–8, ¶¶38–39 and 8–13, ¶¶44–78.

*Id.* at p. 1. Therein, Randall alleged that Mr. Thornell scared him into pleading guilty to unsupported charges, failed to investigate the facts of the case, and generally failed to adequately defend Randall. [Doc. #245-2, pp. 4–8]. On June 20, 2012, the Court granted Mr. Thornell's motion and appointed new defense counsel, J. Broocks Greer ("Mr. Greer"). [Docs. ##246, 247].

On October 12, 2012, less than one month before he was set for sentencing, Randall filed a *pro se* motion to withdraw his guilty plea. [Doc. #265]. In an attempt to satisfy Rule 11(d)(2)(B)'s requirement of a "fair and just reason for requesting the withdrawal," Randall asserted that he "was frightened into accepting a plea bargain on the basis that he otherwise faced a term of life in prison, which he has since found to be untrue." *Id.* at p. 1.[4] The government opposed Randall's motion to withdraw, arguing that Randall had failed to satisfy the factors set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).[5] [Doc. #268]. The motion was set for hearing on November 8, 2012, the day before sentencing.[6] [Docs. ##262, 267, 269].

On November 8, 2012, Randall appeared with counsel, Mr. Greer, for a hearing on the motion to withdraw his guilty plea. [Docs. ##286, 290, 381]. Guided by the *Carr* factors, the Court noted Randall's assertion of actual innocence but rejected the late effort to withdraw his

---

[4] On July 3, 2012, Randall filed a letter, dated June 29, 2012, similarly complaining of Mr. Thornell's allegedly ineffective representation and challenging the veracity of the factual basis supporting his plea agreement. [Doc. #250].

[5] The *Carr* factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would cause the government to suffer prejudice; (3) whether the defendant delayed in filing the motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *See United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015).

[6] One week before the hearing, Randall filed a *pro se* supplement to his motion to withdraw, styled as a "Motion for Arrest of Judgment and Sentence." [Doc. #283].

guilty plea, despite the Court having gone "over that pretty thoroughly on the Rule 11 colloquy." [Doc. #381, p. 2, ll. 15–21, 25].[7] Regarding the alleged falsity of a potential life sentence, the Court stated that the prosecutor "didn't threaten [Randall] with anything that wasn't on the table" and confirmed that his prior convictions could be considered under 21 U.S.C.§ 851. *Id.* at 4, ll. 1–12; p. 5, ll. 21-25; p. 6, ll. 8–17. The Court further advised that relief might be available to Randall via a motion filed pursuant to 28 U.S.C. § 2255 but denied the motion to withdraw the guilty plea. *Id.* at pp. 6–7. All parties agreed to move forward with sentencing. Pursuant to his guilty plea, then, and after adopting the findings of the probation office, the Court noted the applicable Guidelines range before sentencing Randall to the statutory mandatory minimums on each count. *Id.* at pp. 8–16. Randall was therefore sentenced to 120 months as to Count 1 and 60 months as to Count 24, to run consecutively. *Id.* at pp. 14–16.

Mr. Greer timely filed a notice of appeal on November 26, 2012. [Doc. #336]. For the first time on appeal, Randall argued that this Court erred by imposing the statutory mandatory minimum sentence as to Count 1. On March 14, 2013, the Fifth Circuit allowed Mr. Greer to withdraw his representation, in light of a bar complaint filed against him by Randall. [Doc. #405]. Randall was appointed new appellate counsel, Jennifer McKay ("Ms. McKay").[8] [Doc.#402]. The issue on appeal, as stated by the Fifth Circuit, was "whether Randall should be sentenced based on the amount of drugs attributable to the conspiracy as a whole or only on the amount attributable to him individually." [Doc. #487, p. 7]. Randall's sentence was ultimately

---

[7] Mr. Greer indicated that Randall had attempted to retain private counsel to move for a plea withdrawal in August 2012, which was still four months after entering into a plea agreement, but "nothing came of it." [Doc. #381, p. 3, ll. 2–7].

[8] Ms. McKay eventually withdrew from the case, as well, and Mr. Christopher Aberle substituted as court-appointed counsel. [Docs. #482, 484]. Mr. Aberle's later motion for panel rehearing was denied.

affirmed, based on his unequivocal admission at his plea colloquy that he did "knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine[.]"[9] *Id.*

On August 31, 2015, Randall timely filed the instant motion, under 28 U.S.C. § 2255, in which he asserts the following grounds for relief, all based on ineffective assistance of counsel. [Doc. #512]. First, as to Mr. Thornell, Randall claims that he provided ineffective assistance by (a) advising that Randall enter into a plea agreement which led to Randall being sentenced based on the amount of drugs attributable to the conspiracy as a whole; (b) allowing Randall to be sentenced to 120 months, outside of the Guidelines range of 70–87 months; (c) failing to contest forfeiture of $280.00, despite knowing that "Randall was not involved in any drug sales" and that the money "did not match the DEA buy funds;" (d) failing to object to the government's motion to correct the indictment, that is, to change Count 24 to reference Count "23" instead of Count "16"; and (e) failing to recognize and contest inaccuracies in the government's factual basis. [Doc. #512-1, pp. 6–10 and 18–27]. Second, as to Mr. Greer, Randall claims that he was ineffective in (a) his failure to object to the PSR's recommendations regarding the amount of drugs attributable to Randall and the applicability of a statutory mandatory minimum, over and above the Guidelines range of 70–87 months; and (b) his failure to file a motion to withdraw Randall's guilty plea, based on the government's "false assertion" that Randall might face a life sentence if he chose to proceed to trial. *Id.* at 10–15.

---

[9] After an extended period of briefing, the Fifth Circuit issued a published opinion vacating this Court's judgment and remanding the matter for re-sentencing; however, the opinion was withdrawn and superseded by an unpublished opinion affirming the sentence. *United States v. Randall*, 770 F.3d 359 (5th Cir. 2014), *withdrawn and superseded*, 595 F. App'x 454 (5th Cir. 2015).

## **LAW & ANALYSIS**

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

"As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted)). Rather, after a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

Courts may consider claims for ineffective assistance of counsel brought for the first time in a § 2255 motion. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.

*See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *Id*. at 696; *see also Tucker v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997). In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. If a tactical decision is "conscious and informed ... [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998). The "prejudice" element requires more than a mere allegation; the defendant must affirmatively prove it. *United States v. Thompson*, 44 F.3d 1004, 1995 WL 10515, at * 2 (5th Cir. 1995) (unpublished table decision).

Where, as here, the defendant has been convicted pursuant to a guilty plea, the analysis is slightly different. With respect to the plea advice, the court must determine whether the plea was knowing and voluntary, that is, whether the lawyer was familiar with the relevant facts and law, such that his advice permitted the accused to make an informed and conscious choice to plead guilty. *United States v. Cavitt*, 550 F.3d 430, 440–41 (5th Cir. 2008). Generally, "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived, and the waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Id.* at 441. "In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 441 (citations omitted).

In the instant motion, all but one of Randall's claims may be summarily dismissed as frivolous. Randall argues, not for the first time, that his guilty plea was based entirely on the government's "false assertion" that Randall potentially faced a life sentence if he proceeded to trial and was convicted. Randall thus alleges that Mr. Thornell and Mr. Greer both provided ineffective assistance through, respectively, Mr. Thornell's advice to plead guilty under such false pretenses and Mr. Greer's failure to pursue withdrawal of the guilty plea. These claims lack merit because, as previously explained to Randall during the guilty plea colloquy, there are no remoteness constraints on the use of prior convictions for statutory sentence enhancement purposes under 21 U.S.C. §§ 841(b) and 851.[10] Furthermore, as to Randall's claims that counsel

---

[10] A review of the record clearly indicates that Randall was correctly advised. [*See* Doc. #512-3].

was ineffective for failures to contest forfeiture and to object to the government's motion to correct a typographical error or to alleged factual inaccuracies, Randall has failed to establish either prong of the *Strickland* test for ineffective assistance of counsel.[11] Therefore, the only claims that merit any discussion are those involving the amount of drugs attributable to Randall and the related effect thereof on the sentence imposed.

As stated, Randall was charged with, and pled guilty to, *inter alia*, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 846. In pleading guilty, Randall admitted that the "overall scope" of the drug conspiracy "involved 5 kilograms and more" of cocaine. [Doc. #227-2, p. 2]. The PSR clarified that "[a]lthough the investigation in this case revealed that the overall drug amounts in this criminal conspiracy involved 5 kilograms or more of cocaine, it was determined the defendant's responsibility and knowledge in this case was limited to 148.8 net grams of powder cocaine, and 35.2 net grams of crack cocaine." [Doc. #355, p. 6, ¶23]. Based on the amount of drugs for which Randall was held individually responsible, his total offense level was 23, resulting in a Guidelines range of 70–87 months, as to Count 1. *Id*. at pp. 6–8; and p. 17, ¶ 108. However, Randall was sentenced to the statutory mandatory minimums of 120 months, as

---

[11] It has long been recognized that an indictment need not be resubmitted to the grand jury when the requested change is "merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). Counsel cannot be ineffective for failing to argue a meritless point. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Further, Randall unequivocally acknowledged the truth of the factual basis by pleading guilty. "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Smallwood*, 920 F.2d 1231, 140 (5th Cir. 1991). The factual basis satisfied the elements of the crimes charged. *See McCarthy v. United States*, 394 U.S. 459, 468 (1969) (the factual basis must allow the judge to determine "that the conduct which the defendant admits constitutes the offense charged in the indictment . . . ."). The Fifth Circuit routinely upholds convictions under §924(c)(1)(A) on facts similar to those presented in this case. *See e.g.*, *United States v. Sauls*, 495 F. App'x 504, 505 (5th Cir. 2012).

to Count 1, and 60 months, as to Count 24, to run consecutively. [Doc. #288]. This very issue was the subject of Randall's direct appeal, which resulted in his sentence ultimately being affirmed. [Doc. #487]. In doing so, the Fifth Circuit recognized that Randall had unequivocally admitted that he did "knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine[.]" *Id.* at p. 7.

After Randall was sentenced by this Court, and after his sentence was affirmed on direct appeal, the Fifth Circuit issued a published opinion, *United States v. Haines*, 803 F.3d 713 (5th Cir. 2015). *Haines* clarified that "for purposes of statutory minimums at sentencing, the relevant quantity is the quantity attributable to the individual defendant." 803 F.3d at 742. In doing so, *Haines* acknowledged that "[f]or purposes of the Guidelines or for determining statutory minimum and maximum sentences, [Fifth Circuit] cases always have limited the defendant's liability to the quantity of drugs with which he was directly involved or that was reasonably foreseeable to him." *Id.* at 740. The question before this Court is whether counsel was ineffective for failing to argue that Randall should not be subject to the mandatory minimum sentence, in light of the PSR's findings limiting Randall's individual "responsibility and knowledge" to an amount less than that which triggers the mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(ii). [Doc. #355, p. 6, ¶23].

It is true now, as it was true at the time of Randall's sentencing, that "a defendant will not *necessarily* be held responsible for the full amount of drugs involved in the conspiracy, but rather only those amounts of drugs that he knew or reasonably could have known or believed were involved in the conspiracy . . . ". *United States v. Akins*, 746 F.3d 590, 607 (5th Cir. 2014)

(internal citations and quotations omitted) (emphasis added). Indeed, as noted by *Haines*, the Supreme Court has established a "longstanding rule," requiring that juries determine "the amount which each defendant knew or should have known was involved in the conspiracy[.]" 803 F.3d at 741 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013)).[12] In light of the above, *Haines* recognized that the Fifth Circuit has "found error where the district court increased a statutory minimum in reliance on a conspiracy-wide quantity of drugs." *See e.g. United States v. Guajardo*, 391 F. App'x 384 (5th Cir.2010); *United States v. Gurrusquieta*, 54 F. App'x 592 (5th Cir. 2002).

The aforementioned cases are inapposite, where Randall unequivocally admitted, as recognized on direct appeal, that he did "knowingly and intentionally conspire and agree together [with other persons] to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detect[a]ble amount of cocaine[.]" [Docs. ## 283, 487]. As noted above, *Cavitt* explained that a court must determine whether the lawyer was familiar with the relevant facts and law, such that his advice permitted the accused to make an informed and conscious choice to plead guilty. 550 F.3d at 440–41. Although it may not have been frivolous, and indeed may have been prudent, for Randall's counsel to at least argue against application of the mandatory minimum in this case (or object to same in the PSR), this Court cannot find that counsel was constitutionally ineffective in failing to do so. Had counsel made such an argument, it would have failed, as Randall had admitted to knowledge sufficient to trigger the application

---

[12] In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Alleyne* specifically extended *Apprendi*'s holding to those facts which increase the mandatory minimum, as here, while *Blakely v. Washington*, 542 U.S. 296, 303 (2004) had previously made it clear that the facts in support thereof may also be admitted by the defendant.

of the mandatory minimum. Accordingly, on this record, and in light of the relevant case law, the Court finds that Randall has failed to demonstrate that counsel's performance was deficient, or at the very least, that any deficiency in counsel's performance prejudiced Randall under *Strickland*.

Although this Court finds that Randall is not entitled to habeas relief, the Court does find that Randall is entitled to a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(2), Randall has made a substantial showing of the denial of a constitutional right, on the specific issue of whether he was properly sentenced, based on the amount of drugs attributable to the conspiracy as a whole, in light of his unequivocal admission of his own knowledge and intent with respect to that entire amount.

## CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that Randall's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #512] is hereby **DENIED;** this matter is hereby **DISMISSED WITH PREJUDICE**.

**FURTHERMORE**, after considering the record in this case and the standard set forth in 28 U.S.C. § 2253(c)(2), the Court hereby **GRANTS** a certificate of appealability, finding that Randall has made a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of April, 2017.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE