UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA : CRIMINAL NO: 5:11-CR-317-08
CIVIL NO.: 5:15-CV-2307

VERSUS : JUDGE DONALD E. WALTER

RANDY RANDALL (08) : MAGISTRATE JUDGE HORNSBY

---

**MEMORANDUM ORDER**

In light of the Fifth Circuit's February 16, 2018, opinion [Doc. #573], vacating this Court's grant of a certificate of appealability ("COA") and remanding for clarification thereon, this Court has had cause to reconsider said grant. On April 11, 2017, this Court issued a memorandum ruling and order, denying defendant-petitioner Randy L. Randall's 28 U.S.C. § 2255 motion on the merits while simultaneously issuing a COA. [Doc. #543]. To obtain a COA, a defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, when a § 2255 motion "raises a constitutional claim with multiple elements, a COA may issue with respect to that claim only if the defendant makes a substantial showing as to each element." [Doc. #573 (quoting *United States v. Ratliff*, 719 F.3d 422, 424 (5th Cir. 2013))]. Finding that the COA granted herein was unclear, the Fifth Circuit remanded for clarification as to "which constitutional right and particular claim or claims are included in the grant of a COA." [Doc. #573].

A district court may deny a certificate of appealability *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). On remand, the Court has reviewed the record,

including the Fifth Circuit's opinion affirming Randall's sentence on direct appeal [Doc. #487]; Randall's § 2255 motion [Doc. #512]; this Court's memorandum ruling and order denying Randall's § 2255 motion [Doc. #543]; and the Fifth Circuit's most recent opinion vacating the COA grant and remanding for clarification [Doc. #573]. Upon due consideration thereof, and for the reasons stated in the memorandum ruling denying the § 2255 motion on the merits, the Court finds that Randall has failed to make a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel. Given that the COA has been vacated, there is no need to withdraw same. Accordingly, this Court's memorandum ruling and order [Doc. #543] is hereby **AMENDED** to reflect that a COA is **DENIED** for failure to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In all other respects, the ruling remains in effect. An amended judgment will issue simultaneously herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this  10th  day of April, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT COURT