**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA               CRIMINAL ACTION NO. 11-0317-08

VERSUS                                 JUDGE DONALD E. WALTER

RANDY RANDALL                          MAGISTRATE JUDGE HORNSBY

<u>**MEMORANDUM ORDER**</u>

Before the Court is a second motion for compassionate release filed pro se by the defendant, Randy Randall ("Randall").  <u>See</u> Record Document 627.  The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Randall for this second motion. The Government opposes Randall's second motion.  <u>See</u> Record Document 629.  Based on the following, the second motion for release is **DENIED**.

As summarized in this Court's previous ruling regarding Randall's first motion for compassionate release, Randall and twelve co-defendants were charged in a thirty-four count indictment, charging various narcotics and firearm offenses.  Randall was charged in four counts--conspiracy to distribute cocaine, possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a weapon.  <u>See</u> Record Document 1.  Randall pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 24).  <u>See</u> Record Documents 225, 227 and 273.

According to his presentence report, Randall was subject to a statutory, mandatory minimum term of imprisonment of 120 months because the overall amount of drugs involved in the conspiracy was five kilograms or more.  The conviction on Count 24 carried a statutory, mandatory minimum term of imprisonment of 60 months, to run consecutively to any term of

imprisonment imposed on Count 1.  As a result, Randall was subject to a combined mandatory minimum sentence of 180 months.  On November 8, 2012, this Court sentenced Randall to 120 months on Count 1 and 60 months on Count 24, to be served consecutively.  See Record Document 286.  Randall is currently housed at the Federal Correctional Institution, Beaumont ("FCI Beaumont Low") and he has a projected release date of November 2024.

On August 12, 2020, Randall filed an "Emergency Application For Modification Of Sentence Pursuant To 18 U.S.C. § 3852(c)(1)(A)(i) As A Result Of Covid-19," seeking compassionate release or, in the alternative, release to home confinement based on his assertion that his race, age, and hypertension combined with a previous heart injury made him particularly susceptible to becoming seriously ill if he contracted COVID-19.  See Record Document 618.  The Warden denied Randall's request for relief based upon his low-risk pattern score and his primary offense of violence.  See id.  Thereafter, this Court denied Randall's "Emergency Application" compassionate release request, finding that Randall did not qualify for release pursuant to the factors of 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a).  See Record Document 626.

Randall has again filed a motion for compassionate release, entitled "Petition For Title 18 U.S.C. § 3582 Resentencing, To Preserve And Protect Defendants [sic] Life And Health Currently Threatened By COVID-Variants."  Record Document 627.  Once again, Randall asserts that various medical conditions make him more susceptible to becoming seriously ill should he contract COVID-19.  Randall also again asserts that the conditions and medical care at his facility are poor and that his constitutional rights have been violated.[1]  The Government concedes that Randall has

---

[1] The allegations of constitutional injury are not cognizable in a motion for compassionate release. Such complaints should be brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), subject to the requirement that Randall exhaust remedies pursuant to the Prison Litigation Reform Act.  See Jenkins v. United States, 733 F. App'x 218, 219 (5th Cir. 2018).

exhausted his administrative remedies but maintains that his motion fails on the merits.  See Record Document 629 at 4.  The Government contends that Randall has not established an "extraordinary and compelling reason" for release as to his COVID-19-related concerns, as the term is defined in Section 3582(c)(1)(A), as he has been offered the COVID-19 vaccine and has refused it.[2]  See id. Nevertheless, the Government argues that Randall is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release.  See id. at 12.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Fifth Circuit Court of Appeals has now held that the policy statement regarding compassionate release found in United States Sentencing Guideline § 1B1.13 does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A). See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The

---

[2] The Government also argued that "regardless of whether the defendant's condition is one of those identified by the CDC as increasing a person's risk for developing serious illness from COVID-19, . . . the fact that he has been offered the vaccine series means his condition no longer necessarily diminishes his ability to provide self-care against serious injury or death as a result of COVID-19."  Record Document 629 at 11.

Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  Id.  Regardless, the defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Although the policy statement is no longer binding on this Court pursuant to Shkambi, it remains persuasive authority as to what constitutes an extraordinary and compelling reason for compassionate relief.  See United States v. Malone, No. 12-146-03, 2020 WL 3065905, at *5 (W.D. La. June 9, 2020)  ("The Court agrees that the policy statement provides a helpful framework for compassionate release decisions, but it is not conclusive given the recent statutory changes."); United States v. Bloxom, No. 07-50100, 2021 WL 4134411 (W.D. La. Sept. 10, 2021) ("Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.").  Regardless, even removing any reference whatsoever to the policy statement or its comments from the analysis, this Court still cannot conclude that Randall's situation qualifies as extraordinary and compelling. Nothing has changed since this Court's previous denial of Randall's motion for compassionate release.  Furthermore, Randall's refusal of the COVID-19 vaccine weighs against his argument

4

that his susceptibility to the virus warrants compassionate release.  "[C]ourts across the country have consistently held that an inmate's decision to refuse the COVID-19 vaccine weighs heavily against a finding of extraordinary and compelling circumstances."  United States v. Gibson, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) (collecting cases).  In light of all of these circumstances, Randall has failed to establish that extraordinary and compelling reasons exist to release him from prison as to any COVID-19-related concerns.

Even assuming that Randall had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

The Court again finds that Randall has not demonstrated that he will not be a threat to others or the community if released.  As previously mentioned, Randall was sentenced for conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime.  Randall has an extensive criminal history, which includes three driving under the influence convictions, two convictions for battery against women, two controlled substance convictions, and a felon in possession of a firearm conviction. In addition to Randall's fifteen convictions that occurred prior to the conviction in the instant matter, he also had seven other arrests, spanning from 1990 to 2011.  Admittedly, these arrests and convictions all occurred prior to 2011, but the timing indicates that probation and short periods of confinement failed to deter Randall from additional criminal conduct.  Randall has a lengthy

criminal history, including many convictions that received no criminal history points due to the age of the convictions, but many of his arrests, convictions and other criminal conduct included the use of force or violence, in addition to several prior drug related arrests and convictions.  See United States v. Mazur, 457 F.Supp.3d 559, 564-65 (E.D. La. 2020) (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community).  Even while serving his current sentence, Randall continues to violate BOP policy, as he apparently assaulted another inmate while in custody in 2017.  See Record Document 622, Ex. 2.  In light of the above, the Court concludes that Randall remains a danger to others and his community.  Additionally, in examining the Section 3553(a) factors, to reduce Randall's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Furthermore, a deviation below the mandatory minimum sentences that were set by Congress would create a sentencing disparity between Randall and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A).

The Court has also again looked at the presence of COVID-19 at FCI Beaumont Low.  There are zero inmates or staff members who are currently testing positive out of 1,934 total inmates. http://www.bop.gov/coronavirus (last updated 04/22/2022).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria

for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086, 1090 (N.D. Cal. 2020)).  Randall has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Randall has not shown that the BOP is unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.  Therefore, the Court again finds that Randall has not met his burden.

For the foregoing reasons, **IT IS ORDERED** that Randall's second motion for compassionate release is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of April, 2022.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE